# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Andrew Albert, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-cv-901-WCG |
| v. | ) |
| | ) |
| Oshkosh Corporation, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SURREPLY**

After a full round of briefing on Oshkosh's Motion to Dismiss, through which the Court has already received what Plaintiff himself describes as "voluminous materials" (Dkt. 34 at 2), Plaintiff now seeks leave to file yet another 10-page brief in the form of an improper and unjustified surreply. The Court should deny Plaintiff's request because his arguments come nowhere close to satisfying the limited criteria that justify a surreply.

"Courts allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." *Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utilities*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019). Put another way, courts reject surreplies when "the issues were thoroughly addressed in the prior brief" and when reply briefs do not "raise issues outside what was raised in [the] response brief." *BioRx LLC v. Voith Holding Inc.*, 2016 WL 3566219, at *5 (E.D. Wis. June 27, 2016) (Griesbach, J.). Applied here, these standards show that Plaintiff is not entitled to a surreply because Oshkosh's Reply did not raise any new arguments or offer any new evidence.

First, Plaintiff seeks to file a surreply to make arguments about an out-of-circuit district court decision. (Dkt. 34-1 ("Surreply") at 2-3.) Not only are his arguments unavailing, they

violate the Court's Local Rules. If Plaintiff thinks that case is a "pertinent and significant authorit[y]," he should have filed a "Notice of Supplemental Authority" that "*may not contain any argument*." L.R. 7(k) (emphasis added). His proposed surreply is a clear end-run around that rule, offering multiple pages of argument about a new case *and* repeating his Opposition's prior standing arguments, discussing again the same cases he already raised in the Opposition. (Dkt. 28 ("Opp'n") at 9-12; Surreply at 2-3.) Nor is that non-binding district court decision "significant": it misreads *Thole v. U.S. Bank*'s relevance in determining standing in ERISA matters, for the same reasons that Oshkosh has explained. 140 S. Ct. 1615 (2020). *Thole* did not limit its holding to defined-benefit plans; the decision's re-affirmance of the need for a concrete and personalized injury applies equally in the defined-contribution context. *See, e.g.*, *Ortiz v. Am. Airlines, Inc.*, 2020 WL 4504385, at *13 (N.D. Tex. Aug. 5, 2020) (applying *Thole* to find that defined-contribution plan participants lacked standing), *appeal filed*, No. 20-10817 (5th Cir. Aug. 12, 2020). As *Ortiz* and the other precedent offered by Oshkosh's prior briefing persuasively demonstrate, Plaintiff lacks standing to bring claims based on funds in which he never invested. (*See* MOL at 24-26; Dkt. 32 ("Reply") at 14-15.)

Second, Plaintiff's argument that the Complaint's recordkeeping chart is a "sound basis of comparison" is not new, nor was Oshkosh's argument raised for the first time in Reply. (*Compare* Surreply at 6-9 *with* Opp'n at 13-20; *see also* MOL at 19-20; Reply at 10-12.) Plus, Plaintiff mischaracterizes Oshkosh's briefing on this point. In scrutinizing Plaintiff's chart, Oshkosh did not change "negative amounts" to "positive amounts," nor did Oshkosh *create* any "method" or charts for calculating fees at all. (Surreply at 6-7.) Oshkosh simply met Plaintiff's Complaint on its own terms, showing that if the Court applied the same framework that Plaintiff used to calculate the alleged fees of other plans (direct compensation only) to Oshkosh's Plan, it eviscerated any

2

possible inference of imprudence as to Oshkosh's fees. Plaintiff's newest (and internally contradictory) charts are not based on Oshkosh's Reply. They are simply new arguments and "calculations" by him that are improper in a surreply. And if Plaintiff thinks those allegations were necessary to support his claim, they belonged in his Amended Complaint (or his original Complaint), not some after-the-fact surreply. Finally, Plaintiff's continued focus on his inapt "RK&A" chart elides the more fundamental problem with his allegations—even assuming the Plan's fees are as he alleges, they are well within the range the Seventh Circuit has found to be reflective of prudence and cannot support a plausible claim. (MOL at 2; Reply at 10.)

Third, Plaintiff again argues that Seventh Circuit precedent does not foreclose his claims, an argument purportedly appropriate for a surreply to "correct Defendants' misrepresentations of law raised for the first time in their reply brief." (Surreply at 1, 3-6.) This is wrong. Plaintiff's arguments focus on cases that Oshkosh extensively addressed in its opening brief, and Oshkosh's Reply simply responded to Plaintiff's failure to engage with those precedents in his Opposition. If disagreeing with opposing counsel's legal interpretations justified filing another brief, briefing would never end. Moreover, Plaintiff continues to misapprehend the import of the Seventh Circuit precedent at the center of those issues: Oshkosh is not arguing certain claims always fail as a matter of law, but that *Plaintiff's "factual averments"* are no different than those in the other cases the Seventh Circuit has already rejected. (Surreply at 4*;* MOL 9-20; Reply at 2-12).[1]

---

[1] Plaintiff implies he has failed to meet the Seventh Circuit's pleading standard because Oshkosh withheld information. (Surreply at 3-4, n.3.) In fact, Oshkosh timely and appropriately responded to Plaintiff's statutory request for documents long before he filed his Opposition, and Oshkosh certainly is not trying to "hide" anything about the Plan's process. Plus, if Plaintiff believed that Oshkosh did not provide documents that he was entitled to receive under ERISA, or that Oshkosh's response was somehow insufficient, he could have brought a claim to that effect under ERISA Section 104(b). He has not done so. Given that, and considering that "ERISA plaintiffs typically have extensive information . . . because of ERISA's disclosure requirements," *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018), Plaintiff's insinuation that he is being held to an impossible standard rings hollow. The problem with Plaintiff's claims is not a lack of information, but that the Seventh Circuit has rejected materially similar allegations.

3

In conclusion, the Court should deny Plaintiff's motion for leave to file a surreply.

        *s/ Matthew J. Sharbaugh*

Dated: November 25, 2020

Deborah S. Davidson
Samuel D. Block
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: 312.324.1159
Fax: 312.324.1001
deborah.davidson@morganlewis.com
samuel.block@morganlewis.com

Bernard J. Bobber
Kevin J. Kinney
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6300
Fax: 414.755.8289
bernard.bobber@ogletree.com
kevin.kinney@ogletree.com

Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5258
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Mark E. Schmidtke
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
56 S. Washington Street, Suite 302
Valparaiso, IN 46383
Telephone: 219.242.8668
Fax: 219.242.8669
mark.schmidtke@ogletree.com

Matthew J. Sharbaugh
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202.739.5623
Fax: 202.739.3001
matthew.sharbaugh@morganlewis.com

*Attorneys for Defendants*