UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW ALBERT, individually and as
representative of a Class of Participants and
Beneficiaries on Behalf of the Oshkosh
Corporation and Affiliates Tax Deferred
Investment Plan,

          Plaintiff,

v.                                             Case No. 20-C-901

OSHKOSH CORPORATION, et al.,

          Defendants.

## DECISION AND ORDER

Plaintiff Andrew Albert, a participant in the Oshkosh Corporation and Affiliates Tax Deferred Investment Plan (the Plan), brought this action as a proposed class action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(2), against Defendants Oshkosh Corporation, the Board of Directors of the Oshkosh Corporation, the Administrative Committee of the Oshkosh Corporation and Affiliates Employee Benefit Plans, and John Does 1–30. On September 2, 2021, the Court granted Defendants' motion to dismiss and dismissed the case. Presently before the Court is Plaintiff's motion to vacate the judgment, stay the action, and alter or amend the judgment. Plaintiff requests that the Court vacate its final judgment and stay the action until the United States Supreme Court issues a decision in *Hughes v. Northwestern University*, No. 19-1401, 2021 WL 2742780 (S. Ct. July 2, 2021), at which point the Court may alter or amend its judgment as appropriate.

Plaintiff has presented no basis upon which the Court can vacate the judgment in this case simply to reopen the closed case and stay proceedings. Plaintiff asserts that a court may consider new arguments based on an intervening change in controlling law and newly discovered or previously unavailable evidence. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020) (citing 11 WRIGHT & MILLER § 2810.1 (3d ed. 2012)). He maintains that, after this Court entered orders staying six ERISA cases with pending motions to dismiss raising similar issues to those presented here, Plaintiff promptly filed the instant motion. But neither the Supreme Court's July 2, 2021, decision to grant certiorari in *Hughes* nor this Court's decision to stay the six ERISA cases pending a decision in *Hughes* are intervening changes in controlling law. Plaintiff did not seek a stay in this case until after final judgment was entered. "[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citation omitted). For these reasons, Plaintiff's motion to vacate judgment, stay action, and alter or amend judgment (Dkt. No. 50) is **DENIED**. Plaintiff may seek a stay from the Seventh Circuit Court of Appeals.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of October, 2021.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge